IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rowell Chemical Corporation, | ) | |
| and Kamil Zielinski, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 24 C 8537 |
| | ) | |
| | ) | |
| International Brotherhood of | ) | |
| Teamsters, Local 710, and Tim | ) | |
| Normand, | ) | |
| | ) | |
| Defendants. | ) | |

<u>Memorandum Opinion and Order</u>

This suit arises from a labor dispute that began in 2023. Rowell Chemical Corporation claims that the International Brotherhood of Teamsters, Local 710 (the "union") violated the Labor Management Relations Act (LMRA) and National Labor Relations Act (NLRA), state and federal common law, and engaged in tortious interference. Kamil Zielinski brings a claim for assault and battery against both the union and Tim Normand. The union moves to dismiss the claims against it, other than that under the LMRA and NLRA, for lack of subject-matter jurisdiction and for failure to

state a claim.[1] For the reasons below, the motion is granted in part and denied in part.

I.

Rowell brought the original complaint in this case without a co-plaintiff and against the union only. I granted the union's motion to dismiss an unspecified common law claim because the complaint failed to provide sufficient notice of what conduct the claim targeted. *See* Order, ECF 26. Rowell took the opportunity I offered to file an amended complaint, which adds a new plaintiff and defendant and offers more detail regarding the asserted claims.

According to the amended complaint, whose plausible allegations I accept as true for present purposes, Rowell manufactures chemicals at a terminal in Willow Springs, Illinois. In August 2023, Rowell began negotiating a labor agreement with the union, which represents approximately 16 Rowell employees. During negotiations, Rowell repeatedly rejected the union's demands to include certain allegedly unlawful provisions in the agreement. Shortly before the parties were to begin their final bargaining session on March 20, 2024, the union went on strike, demanding once more that the disputed provisions be included in the agreement.

---

[1] Defendant Normand secured an extension to July 16, 2025 to respond to the amended complaint.

2

During the strike, picketers allegedly "set fires" and made signs "targeting" Rowell's supervisory employees. Am. Compl., ECF 26 ¶ 43. The picketers are also alleged to have "yelled, screamed, and cursed" at Rowell employees and others attempting to enter the Willow Springs terminal. *Id.* One Rowell employee observed a union member following him to and from the terminal and parking outside of his residence. On March 22, 2024, picketers tried to block trains carrying hazardous materials from entering the Willow Springs terminal.

On March 26, 2024, Normand (a picketer) screamed at Zielinski (a Rowell employee) and charged at his vehicle as he tried to depart from the terminal. Later that day, when Zielinski returned to the terminal, Normand attempted to block him from entering. Normand then charged at Zielinski's vehicle and punched him in the head through the window. Police were called and Normand fled, allegedly on the union's instructions. Zielinski filed a criminal complaint against Normand based on the incident.

The strike ended on March 28, 2024. The union never disavowed Normand's assault on Zielinski. On May 2, 2024, the National Labor Relations Board issued a complaint against the union, alleging it violated the NLRA by demanding that unlawful provisions be included in the bargaining agreement and by striking and picketing in an attempt to force Rowell to accept those provisions.

II.

A.

Some aspects of the union's motion are easily resolved because they are undisputed by plaintiffs. First, the parties agree that Count I, for violations of the LMRA and NLRA by the union, is brought by Rowell only. The union does not otherwise target Count I in its motion, so all agree that count may proceed.

The parties are likewise in accord that Count II, for violations of federal and state common law by the union, is brought by Rowell only. The same goes for Count IV, for tortious interference against the union. Finally, Count III, for assault and battery against both defendants, is brought by Zielinski only.

B.

In Count II, Rowell asserts that the union's conduct during the strike violated state and federal common law. The union argues that the allegations are too conclusory and that they are preempted by the NLRA.

The amended complaint alleges in Count II that, during the strike, the union "by and through its officers, directors, members, agents, employees, and representatives, engaged in mass picketing, threats and acts of violence and intimidation." Am. Compl. ¶ 89; *see also id.* ¶ 91 (similarly alleging that the union "threatened, coerced, or restrained Rowell"). Rowell does not allege which specific conduct is the aim of this count, instead simply offering

4

that the conduct was violent and threatening and incorporating by reference the amended complaint's factual allegations.

The NLRA carries preemptive force, such that "[s]tates cannot regulate conduct 'that the NLRA protects, prohibits, or arguably protects or prohibits.'" *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776 (2023) (quoting *Wis. Dep't of Indus., Lab. & Hum. Rels. v. Gould Inc.*, 475 U.S. 282, 286 (1986)). However, that rule of preemption does not apply to allegations of actual or threatened violence. *See Lodge 76, Int'l Ass'n of Machinists v. Wis. Emp. Rels. Comm'n*, 427 U.S. 132, 136 (1976). The question, therefore, is whether the alleged conduct is plausibly violent or threatening.

The trouble is that the amended complaint does not set forth any particular conduct with respect to Count II, stating only that whatever conduct is at issue was in fact violent or threatening. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). Count II's conclusory assertions fall short of this requirement.

In its response brief, Rowell identifies two examples of violent or threatening behavior: the violent assault by Normand on Zielinski and the blocking of trains carrying hazardous materials. The assault forms the basis for Count III, which is specifically

5

for common law assault and battery against both the union and Normand, so I will consider that conduct in connection with that claim. And blocking trains, without more, is not itself violent or threatening, and the amended complaint supplies nothing to plausibly make it so. The provision of these examples in Rowell's response brief underscores the need for identifying the conduct at issue in the complaint: some conduct might support the claim and some might not. By leaving readers of the amended complaint in the dark about which conduct is relevant, Rowell fails to satisfy its pleading burden.

Rowell's cases--the same ones it relied on in defending its original complaint--do not change the outcome. As before, they support the uncontested notion that common law claims may be brought based on strike-related conduct. *See, e.g.*, *Meadowmoor Dairies, Inc. v. Milk Wagon Drivers' Union of Chi., No. 753*, 21 N.E.2d 308, 311–12 (Ill. 1939). But they do not obviate the need to satisfy pleading standards. Here, as explained in my previous order, that means identifying which violent or threatening (and therefore non-preempted) conduct forms the basis of the common law claim in more than conclusory terms. The amended complaint, like the original, fails on this score, so Count II is dismissed.

C.

Count III alleges Normand violently assaulted Zielinski. The union first challenges this court's supplemental jurisdiction over

6

the claim on the grounds that it is the only one in the case brought by Zielinski, rendering it "legally distinct" from Rowell's claims. The case the union invokes in support of its contention, *Schnabel v. Building & Construction Trades Council of Philadelphia & Vicinity*, 563 F. Supp. 1030, 1053 (E.D. Pa. 1983), offers no guidance because it predates and conflicts with the governing statute, 28 U.S.C. § 1367. There was a time when "the jurisdictional statutes did not authorize supplemental jurisdiction over additional claims involving other parties." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 556–57 (2005) (citations omitted). But since § 1367's enactment, district courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action" over which they have original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution . . . includ[ing] claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

Here, there is no doubt that I have original jurisdiction over the claim raised in Count I. Nor is there any real dispute that the alleged assault and battery, which took place during the strike, bears sufficient factual relation to the events at issue in Count I to confer supplemental jurisdiction, as even the union concedes. *See* Mot., ECF 32-1 at 9 (characterizing Zielinski's claim

as "factually related" to the other claims in the amended complaint). The union's jurisdictional argument therefore fails.

On the Rule 12(b)(6) front, this claim survives because it does what the claim in Count II did not: it sufficiently identifies the conduct upon which it rests. Further, the alleged conduct is plausibly violent or threatening, so it escapes preemption at this stage.

Nonetheless, the union argues that another hurdle blocks this claim. In its view, the amended complaint does not sufficiently tie this occurrence to the union. While true that Zielinski will ultimately need to offer "'clear proof' that the person or organization charged" with the alleged misconduct "actually participated in, authorized, or ratified" that conduct, *Ramsey v. United Mine Workers of Am.*, 401 U.S. 302, 309 (1971) (quoting 29 U.S.C. § 106), it need only plausibly allege that connection for now. In Count III, Zielinski alleges that the union "authorized" Normand to assault Zielinski or, alternatively, that it "tolerated, condoned, and ratified" that conduct. Am. Compl. ¶¶ 104-05. That is sufficient at this stage. The evidence that would support these allegations, if it exists, is likely under defendants' control, and it would be difficult or impossible for Zielinski to offer more specific allegations before discovery. The motion is therefore denied as to Count III.

8

D.

Count IV is brought against the union for tortious interference. In the union's view, this count should be dismissed for two reasons. Their first argument relies on language in the order dismissing the common law claim in the original complaint observing that plaintiff failed to identify whether its claims arose under federal or state law. But that failure was not a reason standing alone to dismiss the claim. The key problem was instead that Rowell did not identify which conduct undergirded its common law claim or provide sufficient notice regarding the nature of the claim. The failure to identify whether the common law claim arose under state or federal law, as well as the vague label as a violation of "common law," compounded the original complaint's overarching failure to provide sufficient notice to the union of the claim or claims against it. Accordingly, the failure to identify whether the tortious interference claim arises under state or federal law is not fatal here.

The union next argues that the claim is preempted by the NLRA because it does not sufficiently plead violent or threatening conduct. I disagree. Unlike the general common law claim in Count II, which failed to identify the conduct on which it was based, Count IV alleges that the interference was caused by "violence, harassment, threats, blocks, targets, yells, screams, curses, fires, and destruction." Am. Compl. ¶ 113. Setting fires in

9

particular is a plausibly violent or threatening act because it can cause harm to persons and property and inhibit business operations. Accordingly, Count IV may proceed.

III.

For the foregoing reasons, the union's motion to dismiss is granted in part and denied in part. It is granted as to Count II; that claim is dismissed with prejudice. It is denied as to Counts III and IV. As explained above, the parties agree that Counts I and IV are brought by Rowell only and Count III is brought by Zielinski only.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: July 11, 2025